IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| KENNETH SYRKETT | : | NO. 95-307 |

## MEMORANDUM

Padova, J.                                                                                 January 26, 2012

Defendant Kenneth Syrkett has filed a pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence based on the most recent amendments to the United States Sentencing Guidelines concerning crack cocaine, which are set forth in Amendment 750, part A. For the following reasons, we deny the Motion.

In August 1995, a jury convicted Syrkett of one count of possession of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of carrying and using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). We sentenced Syrkett on November 30, 1995. The amount of crack cocaine involved in Syrkett's drug crime was 22.33 grams, which, under the drug quantity table in U.S.S.G. § 2D1.1(c) that was then in effect, produced a base offense level of 28. Syrkett, however, also qualified as a career offender under U.S.S.G. § 4B1.1 (the "Career Offender Guidelines"). Under the Career Offender Guidelines, his base offense level was increased to 34. At the same time, Syrkett had a criminal history category of VI, with or without application of the Career Offender Guidelines. The offense level of 34, combined with the criminal history category of VI, produced a Guideline range of 262 to 327 months of imprisonment. Syrkett also faced a mandatory consecutive sentence of 60 months for the § 924(c) violation.

We imposed a within-Guidelines sentence of 264 months on the § 841(a)(1) crack cocaine count, plus a concurrent sentence of 120 months on the § 922(g) count, and a mandatory consecutive sentence of 60 months on the § 924(c) count, for a total sentence of 324 months. Syrkett appealed, and the United States Court of Appeals for the Third Circuit vacated the conviction on the § 924(c) count, and remanded the case for proceedings consistent with its decision. On remand, we reimposed the same 264-month sentence for the § 841(a)(1) crack cocaine count, as well as the same 120-month concurrent sentence for the § 922(g) count, for a total sentence of 264 months' imprisonment.

Syrkett now asks us to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Syrkett seeks reduction of his sentence in accordance with Amendment 750, part A, to the Sentencing Guidelines, which became effective on November 1, 2011, and lowered the base offense levels applicable to crack cocaine offenses.[1] The Sentencing Commission has

---

[1] Syrkett also argues that his sentence should be reduced in light of the Fair Sentencing Act of 2010, which amended 21 U.S.C. § 841(b)(1)(B)(iii) by changing the quantity of cocaine base that would trigger a mandatory minimum term of imprisonment from five grams to twenty-eight grams. See United States v. Dixon, 648 F.3d 195, 197 (3d Cir. 2011); Pub. L. 111–220, § 2, 124 Stat. 2372 (2010); 21 U.S.C.A. § 841(b)(1)(B)(iii) (West Supp. 2011). However, the Fair Sentencing Act does not apply retroactively to "defendants who committed their crimes and who were sentenced before the Act was enacted." Dixon, 648 F.3d at 198 n.3 (citing United States v. Reevey, 631 F.3d 110 (3d

determined that Amendment 750 may be applied retroactively.  See United States. v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995) (explaining that only Amendments listed in U.S.S.G. § 1B1.10(c) may be applied retroactively); U.S.S.G. § 1B1.10(c) (listing Amendment 750, part A).

Under the plain text of § 3582(c)(2), a court may only reduce a defendant's sentence if (1) it sentenced the defendant "based on" a sentencing range that has been lowered by an amendment to the Guidelines and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  Id.  United States Sentencing Guideline § 1B1.10 provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Likewise, Application Note 1(A) to U.S.S.G. § 1B1.10 states that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . the amendment [to the Guidelines] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, cmt. n.1(A).

In the instant case, Syrkett is not entitled to a reduction of sentence, because his sentence was not based on a sentencing range dictated by the Guidelines applicable to crack cocaine offenses, but

---

Cir. 2010)). Because Syrkett committed his crime and was sentenced before the Fair Sentencing Act was enacted, the Fair Sentencing Act provides no basis for reduction of his sentence.  Moreover, Syrkett did not receive the mandatory minimum sentence for his offense but, rather, received a much greater sentence based on application of the Guidelines.  Accordingly, even assuming arguendo that the Fair Sentencing Act applied retroactively, it would not affect the length of Syrkett's sentence and would not afford Syrkett any basis for relief.

3

rather was based on a sentencing range dictated by the Career Offender Guidelines, which Amendment 750 has not changed. See United States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2009) (holding that the sentencing range for a defendant designated as a career offender was not affected by a Guideline amendment that lowered the base offense level for crack cocaine offenses and, therefore, the defendant was not eligible for a sentence reduction under § 3583(c)(2)). Application of Amendment 750 in this case reduces Syrkett's base offense level under the drug quantity table in U.S.S.G. § 2D1.1 from 28 to 26. However, given the application of the Career Offender Guidelines, Syrkett's base offense level remains a 34. In other words, the Career Offender Guidelines dictate that Syrkett's base offense level is a 34, regardless of whether the drug quantity table would otherwise assign him a base offense level of 28 or 26. Accordingly, both before and after the adoption of Amendment 750, Syrkett's sentencing range for his crack offense is that corresponding to a base offense level of 34 and a Criminal History Category of VI, i.e., 262 to 327 months.

For the foregoing reasons, we find that Amendment 750 does not lower the sentencing range on which Syrkett's sentence was based, and we are not authorized to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). We therefore deny Syrkett's Motion for Reduction of Sentence. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.